IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JUDEAU BROWN, | § | |
| | § | |
| Defendant Below, | § | No. 560, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1704012399 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 30, 2020
Decided: June 1, 2020

Before **SEITZ,** Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Judeau Brown, appeals from the Superior Court's denial of his motion for postconviction relief. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Brown's opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that in August 2017, a grand jury indicted Brown and two co-defendants for first-degree assault, two counts of first-degree robbery, possession of a firearm during the commission of a felony ("PFDCF"), home

invasion, and second-degree conspiracy. The charges arose out of a robbery that resulted in three people, including Brown and one of his co-defendants, being wounded by gunshots. On May 7, 2018, the day his trial was set to begin, Brown pleaded guilty to PFDCF and one count of first-degree robbery. The State agreed to dismiss the other charges. The parties agreed on immediate sentencing with the following recommended sentence: for first-degree robbery, twenty-five years of incarceration, suspended after four years (three of which were minimum mandatory) for decreasing levels of supervision; for PFDCF, three years of incarceration, the minimum mandatory sentence for that offense. After completing a plea colloquy with Brown, the Superior Court sentenced him in accordance with the plea agreement. Brown did not file a direct appeal. He did file a motion for sentence reduction, which the Superior Court denied in August 2018.

(3) Brown filed a timely motion for postconviction relief. He contended that (i) his counsel revealed to the prosecutor what Brown's testimony would be at trial, and therefore provided ineffective assistance of counsel; (ii) his counsel provided ineffective assistance by failing to interview a witness who reported hearing someone yell "give me back my weed" and then seeing three men, all armed with handguns, run through a nearby door; (iii) his counsel provided ineffective assistance by failing to file a motion for sentence reduction; (iv) the State did not or could not fulfill certain conditions of the plea agreement; and (v) six months after

2

Brown pleaded guilty, Carl Rone, the State firearm examiner who examined a bullet and casings related to the incident, pleaded guilty to falsifying work records.

(4)    A Superior Court Commissioner recommended that the court deny Brown's motion for postconviction relief.  The Commissioner reasoned, among other things, that Brown's claims of ineffective assistance of counsel did not provide a basis for relief because Brown voluntarily pleaded guilty; his counsel's representation was well within the range of reasonableness required by *Strickland v. Washington*;[1] his counsel's affidavit stating that he did not reveal Brown's anticipated testimony to the prosecutor was more credible than Brown's self-serving allegation to the contrary; Brown signed the plea agreement and truth-in-sentencing forms, recognizing the rights that he was relinquishing by pleading guilty; and during his plea colloquy Brown stated that he was satisfied with defense counsel's representation.  The Commissioner determined that Brown's other claims were procedurally barred under Superior Court Criminal Rule 61(i)(3).[2]   The Commissioner nevertheless addressed those claims on the merits, concluding that (i) the State satisfied its agreement to make a referral to the Newark Police Department to protect Brown's residence during an investigation of Brown's cooperation with a

---

[1] 466 U.S. 668 (1984).

[2] *See* DEL. SUPER. CT. CRIM. R. 61(i)(3) (barring "any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court," unless the defendant shows "[c]ause for relief from the procedural default" and "[p]rejudice from violation of the movant's rights").

separate investigation; (ii) the State did not interfere in Brown's placement at the Sussex Correctional Institution ("SCI"), and Brown understood when pleading guilty that the court could only give a nonbinding direction to the Department of Correction that Brown be placed at SCI; and (iii) Rone's report was neither inculpatory nor exculpatory, and the State therefore had not planned to call him as a witness at trial. After *de novo* review, the Superior Court denied the motion for postconviction relief. Brown has appealed to this Court.

(5) On appeal, Brown has submitted an overlength brief[3] that repeats the arguments presented to the Superior Court and presents additional, overlapping arguments that reframe those arguments in various ways. To the extent that he raises arguments that were not presented to the Superior Court in the first instance, we will

---

[3] This Court granted, in part, Brown's request to file an opening brief of up to 150 pages, authorizing him to file a fifty-page brief. Brown ignored the extended, fifty-page limit and filed a 144-page opening brief. After the Chief Deputy Clerk struck that filing, Brown refiled his brief with smaller font and closer spacing. Rules 13 and 14 set forth typeface specifications and word-count limitations for typed briefs that are filed in this Court. DEL. SUPR. CT. R. 13(a)(i); 14(d)(i). Rule 14 also provides page-count limitations for "unrepresented parties *without access to a word processing program.*" *Id.* R. 14(d)(iii) (emphasis added). Brown's brief, which appears to have been prepared using a word processing program, does not comply with the letter or spirit of those rules and this Court's order authorizing Brown to file a fifty-page brief. Although this Court frequently affords significant leniency to unrepresented litigants with respect to the form of their filings, Brown is cautioned that, should he have occasion to file in this Court in the future, he must comply with the applicable rules or risk having the filing rejected.

not consider those claims on appeal.[4]  We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[5]

(6)    Superior Court Criminal Rule 61(i)(3) bars claims for postconviction relief that were not raised during the proceedings leading to a judgment of conviction unless the movant can show cause for the procedural default and prejudice from a violation of the movant's rights.[6]  A successful claim of ineffective assistance of counsel can constitute "cause" under Rule 61(i)(3).[7]  But to prevail on such a claim within the context of a guilty plea, a movant must show that (i) his counsel's conduct fell below an objective standard of reasonableness, and (ii) there is a reasonable probability that, but for the alleged errors of counsel, the movant would not have pleaded guilty and would have insisted on going to trial.[8]  A defendant must make concrete allegations of cause and actual prejudice to substantiate a claim of ineffective assistance of counsel.[9]  Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[10]

---

[4] DEL. SUPR. CT. R. 8.  *See also Scott v. State*, 2018 WL 3478949, at *2 (Del. July 19, 2018) ("Generally, this Court will not consider a claim for postconviction relief that was not considered by the Superior Court in the first instance.").

[5] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[6] Del. Super. Ct. R. 61(i)(3).

[7] *Fields v. State*, 2017 WL 4607424, at * (Del. Oct. 12, 2017).

[8] Id.

[9] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[10] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

(7) In this case, Brown's claims of ineffective assistance of counsel are unavailing. First, the Superior Court Commissioner determined that Brown's counsel's statement that he did not reveal Brown's anticipated testimony to the prosecutor was more credible than Brown's self-serving allegation to the contrary. The Superior Court adopted the Commissioner's report after a *de novo* review, and our review of the record reveals no basis to reverse that determination. Second, even if we were to accept that his counsel acted in a professionally unreasonable manner by failing to interview a witness, Brown has failed to demonstrate prejudice, given the clear benefit that Brown's guilty plea provided him.[11] Third, the Superior Court imposed the sentence recommended in the plea agreement, and Brown filed a motion for sentence reduction, which the Superior Court denied. Brown has demonstrated no basis to conclude that a motion for sentence reduction filed by counsel would have been successful, and Brown therefore is unable to demonstrate either ineffectiveness or prejudice based on his claim that his counsel should have filed such a motion.[12]

---

[11] *See Samans v. State*, 2012 WL 1970109 (Del. June 1, 2012) (finding no prejudice from alleged inadequate investigation in context of guilty plea with clear benefits).

[12] *Cf. State v. Lewis*, 797 A.2d 1198, 1202 (Del. 2002) (stating that denial of motion for sentence reduction is reviewed for abuse of discretion); *Brown v. State*, 1991 WL 134175, at *2 (Del. July 1, 1991) ("Brown's claim that his counsel was ineffective in failing to file a motion for reduction of sentence is equally without merit. Brown was given the minimum mandatory sentence. As a result, the trial court was without authority to reduce Brown's sentence. Thus, even if, arguendo, Brown's counsel was ineffective, the ineffectiveness claim would fail because he suffered no prejudice.").

6

(8)     The Superior Court also did not err by denying postconviction relief based on Brown's other claims.  Review of the plea agreement and the transcript of the plea colloquy and sentencing makes clear that Brown understood what the State was agreeing to do with respect to protection for his residence pending a cooperation investigation, and we find no basis to reverse the Superior Court's determination that the State fulfilled that commitment.  Similarly, the record reflects that the court made clear to Brown during the plea colloquy that the court could only give a non-binding direction that Brown be placed at SCI, and the court did give that direction.  Finally, with respect to the firearms examiner, by pleading guilty Brown waived his right to challenge the evidence against him and to learn of any impeachment evidence.[13]

(9)     Brown's "Motion for Stay of Execution and Bail Pending Appeal" is denied as moot.  Brown has also filed a "Motion to Remain Anonymous."  The statutes that he cites in support of that motion do not mandate the relief that he seeks in the circumstances of this case.[14]  The motion is therefore denied.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.  The "Motion

---

[13] *See Steck v. State*, 2015 WL 2357161 (Del. May 15, 2015) (affirming denial of postconviction relief in which defendant sought to set aside guilty plea based on "evidence of ongoing corruption in the Office of the Chief Medical Examiner").
[14] *See* 11 *Del. C.* § 9601 (permitting the Attorney General to provide protective services to witnesses); 11 *Del. C.* § 9403 (precluding law-enforcement agencies, prosecutors, and the Department of Correction from disclosing a witness's residential address, telephone number, or place of employment, absent consent or as permitted by a court for good cause shown).

for Stay of Execution and Bail Pending Appeal" is denied as moot.  The "Motion to

Remain Anonymous" is denied.


                              BY THE COURT:

                              */s/ Collins J. Seitz, Jr.*
                              Chief Justice